IN THE UNITED STATE DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEMIMA SANCHEZ | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 23 cv 5791 |
| v. | ) | |
| | ) | |
| THE ILLINOIS DEPARTMENT OF | ) | Judge Elaine Bucklo |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, JEMIMA SANCHEZ ("Plaintiff"), by and through her attorneys, GORDON LAW OFFICES, LTD., for her complaint at law against Defendant, THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY ("Defendant"), state as follows:

### NATURE OF THE ACTION

1. This lawsuit arises out of federal-question statutory claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101, *et seq.*; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et seq.* Plaintiff was continuously retaliated, denied promotional opportunities, denied overtime and punished for her disability status as a person with fibromyalgia and for her utilizing her FMLA approved accommodations by the Defendant.

### PARTIES

2. At all times relevant, Plaintiff resided in Chicago, Cook County, Illinois.

3. At all times relevant, Defendant was a State of Illinois agency, and maintained an office in Chicago, Cook County, Illinois.

**JURISDICTION & VENUE**

4. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1367. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff claims arise under the laws of the United States, namely, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, et seq.

5. Venue is proper as the alleged violations occurred in the Northern District of Illinois.

6. Plaintiff exhausted her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), in which she alleged that Defendant, due to her disability status as a person with fibromyalgia, was treated differently than similarly situated non-disabled persons by harassing, retaliating, denying overtime, denied promotional and training opportunities, and was denied breaks, which she was granted accommodations for.

7. Plaintiff brought this lawsuit following receiving a right to sue letter from the EEOC and did so timely within 90 days receipt pursuant to 42 U.S.C. § 2000(e)-5(f)(1).

**FACTUAL BACKGROUND**

8. Plaintiff was employed as an Employment Security Program Representative with Defendant beginning in 2011.

9. At all times relevant, Plaintiff suffered from fibromyalgia, which is a chronic, non-curable disease that causes those who have it to have a sensitivity to/severe pain and fatigue throughout the body.

10. At all times relevant, Plaintiff's fibromyalgia specifically targeted her neck, shoulders, low back and legs.

11. On or about April 5, 2019, Defendant became aware of Plaintiff's condition when she requested FMLA paperwork to apply for job modifications consistent with her diagnosis.

12. Due to Plaintiff's disability, Plaintiff received FMLA allowing her to be absent from work "One time per week for 2.5 hours (plus reasonable travel time) to attend appointments due to your medical condition; One to two times per month for one day due to flare-ups of your medical condition; One time per year for up to ten days due to flare-ups of your medical condition."

13. Plaintiff's first FMLA approval lasted from May 7, 2019, through May 6, 2020.

14. Plaintiff recertified, extending the FMLA from May 7, 2020, through May 6, 2021.

15. Plaintiff received additional FMLA approval for a second illness allowing her to be absent from work "Three (3) times per year for two (2) hours (plus reasonable travel time) to attend medical appointments, with a recovery period following appointments of up to one (1) day; [and] Two (2) to four (4) times a month for up to one (1) week due to flare ups of your medical condition."

16. On or about July 24, 2020, Plaintiff submitted a disability accommodation request, seeking a standing desk to help manage her symptoms while at work.

17. Plaintiff's request, which was signed by a physician, complained of chronic pain and fatigue, consistent with her fibromyalgia diagnosis.

18. Shortly after being granted FMLA, Plaintiff's supervisor, Maia Tellis, who was the Field Office Manager for Defendant, at The American Job Center, in Pilsen, began ignoring an disregarding Plaintiff's FMLA absentee/work hour modification request.

19. At all times relevant, Maia Tellis, was an authorized actual and/or apparent agent, servant and/or employee of Defendant.

20. At all times relevant, when Plaintiff needed to be absent from work due to her disability, Plaintiff properly notified Defendant that she was out for reasons related to her FMLA, in accordance with Defendant's policies and procedures.

21. Given the difficulty in obtaining medical appointments, Plaintiff from time to time would have to take a sudden leave of absence in order to make appointments that day due to an opening in her treating physician's schedule.

22. Despite Plaintiff reporting and complying with Defendant's FMLA reporting policies and procedures, Maia Tellis would write Plaintiff up for being absentee and would deny Plaintiff's request.

23. As a result, Defendant was restricted from working overtime hours and deprived the opportunity to earn extra income.

24. At all times relevant, Plaintiff sought out additional opportunities for career advancement by inquiring about new training opportunities.

25. Despite Plaintiff's requests, Maia Tellis refused to provide her these opportunities, citing her absenteeism.

26. At all time relevant, once Maia Tellis was made aware of Plaintiff's disability and approved FMLA, Maia Tellis treated Plaintiff differently than other similarly situated non-disabled employees.

27. When Plaintiff noticed the disparate treatment, she went through the grievance process set forth in her unions collective bargaining agreement.

28. In response to the grievances, Maia Tellis became more hostile towards Plaintiff and retaliated against her by refusing to communicate with her, denied break requests and depriving Plaintiff of opportunities for more compensation and advancement.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

29. Plaintiff restates and realleges paragraphs 1-28 as though fully set forth herein as paragraph 29 of this Count I.

30. The ADA prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112.

30. Plaintiff is disabled within the meaning of the ADA because: (1) she has/had physical or mental impairments that substantially limited one or more major life activities; (2) she has/had a record of such impairments; and (3) she was regarded by Defendant as having such impairments (*see supra*). *See* 42 U.S.C.S. § 12102(1).

31. Plaintiff's impairments substantially compromised Plaintiff's ability to function in normal activities of daily living.

32. Plaintiff's impairments were severe and at times rendered Plaintiff unable to work.

33. Despite Plaintiff's fibromyalgia, Plaintiff was fully qualified to perform the essential functions of her job, if she was given reasonable accommodations of hour modification and a standing desk.

34. Defendant is a covered employer to which the ADA applies.

35. Once an employee notifies their employer that she is disabled, "at that point, an employer's liability is triggered for failure to provide accommodations." *Curtis v. Costco Wholesale Corp.*, No. 13 C 3432, 2014 U.S. Dist. LEXIS 134182, at *22 (N.D. Ill. Sep. 24, 2014).

36. Defendant discriminated against Plaintiff by retaliating against her for taking approved leave, and denied her advancement and additional compensation opportunities.

37. Plaintiff's employment and advancement was stagnated because of her disability when she was denied the opportunity to work overtime and the opportunity to receive training and promotional opportunities.

38. Similarly situated employees without a disability were treated differently at Defendant, as non-disabled employees with absentee issues received the opportunity for professional growth.

39. Defendant's hostility and retaliation against Plaintiff was on the basis of her disability, violated the ADA.

40. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer injuries of a personal and pecuniary nature .

WHEREFORE, Plaintiff, JEMIMA SANCHEZ, demands judgment against Defendant, THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, in the form of back pay in an amount to be determined at trial; Compensatory and consequential damages, including for emotional distress; Punitive damages; and attorney fees and costs in maintaining this action.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

41. Plaintiff restates and realleges paragraphs 1-28 as though fully set forth herein as paragraph 41 of this Count II.

42. The FMLA allows an eligible employee with a serious health condition that renders the employee unable to perform his or her position to take twelve workweeks of leave during each twelve-month period. *See* 29 U.S.C. § 2612(a)(1)(D).

42. Defendant qualifies as an "employer" as that term is defined in the FMLA because (i) Defendant is engaged in commerce or in any industry or activity affecting commerce, and (ii) Defendant employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. *See* 29 U.S.C. § 2611(4).

43. Defendant is an "eligible employee" as that term is defined in the FMLA because Plaintiff worked for Defendant for at least (i) 12 months, and (ii) 1,250 hours of service with Defendant during the previous 12-month period before she was terminated on February 17, 2021. *See* 29 U.S.C. § 2611(2).

44. Plaintiff had an "entitlement to leave" (*i.e.,* she was eligible for FMLA protections) as defined in the FMLA, because of a serious health condition that made Plaintiff unable to perform the functions of her position with Defendant. *See* 29 U.S.C. § 2612(1)(D).

45. Plaintiff was entitled to take leave under FMLA due to Plaintiff being eligible for FMLA protections based on her disability pursuant to 29 U.S.C. § 2612(a)(1)(D).

46. However, Defendant interfered with, restrained, and/or denied the exercise of or the attempt to exercise a fundamental right provided to Plaintiff under the FMLA by punished Plaintiff for taking the approved leave.

47. By punishing Plaintiff, the Defendant unlawfully discriminated against Plaintiff pursuant to the FMLA.

48. As the result of Plaintiff's disparate treatment, Plaintiff has incurred, and is now incurring, and will continue to incur a loss in wages, salary, employment benefits, and other

compensation denied or lost to Plaintiff by reason of the violation within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial.

49. These costs include, but are not limited to, lost wages and medical expenses during Plaintiff leave of absence, back pay from the effective date of termination, lost medical expenses from the date of termination, and lost employment benefits from the date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617. The costs also include attorneys' fees and court costs.

WHEREFORE, Plaintiff, JEMIMA SANCHEZ, demands judgment against Defendant, THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, in the form of back pay in an amount to be determined at trial; Compensatory and consequential damages, including for emotional distress; Punitive damages; and attorney fees and costs in maintaining this action.

Respectfully submitted,
JEMIMA SANCHEZ

By:_____
One of Her Attorneys

Robert Thomas
Gordon Law Offices, Ltd.
111 W. Washington St.
Suite 1240
Chicago, Illinois 60602
(312) 332-5200
Atty No. 57507
rct@gordonlawchicago.com
*Attorneys for Plaintiff*